SM/2019R00888

FILED

APR 1 1 2024

AT 8:30 _____ 4:10 P M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| | : | |
| v. | : | Crim. No. 19-390 |
| | : | |
| WILLIAM PANZERA, | : | 21 U.S.C. § 846 |
| THOMAS PADOVANO, and | : | 18 U.S.C. § 1956(h) |
| BARTHOLOMEW PADOVANO | : | |

## THIRD SUPERSEDING INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT ONE
(Drug Conspiracy)

1. From at least as early as in or around January 2014 through in or around September 2020, in the District of New Jersey, and elsewhere, the defendants,

**WILLIAM PANZERA,
THOMAS PADOVANO, and
BARTHOLOMEW PADOVANO,**

knowingly and intentionally conspired and agreed with each other and others to distribute and possess with intent to distribute controlled substance analogues, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as provided in Title 21, United States Code, Section 813, and controlled substances, including the following:

a. 100 grams or more of a mixture and substance containing a detectible amount of 4-fluoroisobutyryl fentanyl (also known by names such as "4-

1

FIBF," "FIBF," and "para-fluoroisobutyryl fentanyl"), a Schedule I controlled substance analogue until May 3, 2017, and a Schedule I controlled substance thereafter, contrary to Title 21, United States Code, Sections 802(32), 813, 841(a)(1), and 841(b)(1)(A);

b.    100 grams of more of a mixture and substance containing a detectible amount of furanyl fentanyl ("FUF"), a Schedule I controlled substance analogue until November 29, 2016, and a Schedule I controlled substance thereafter, contrary to Title 21, United States Code, Sections 802(32), 813, 841(a)(1), and 841(b)(1)(A);

c.    A mixture and substance containing a detectible amount of methylone, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

d.    A mixture and substance containing a detectible amount of 3,4-Methylenedioxymethamphetamine (also known by names such as "MDMA," "ecstasy," and "Molly") and its controlled substance analogues, all Schedule I controlled substances, contrary to Title 21, United States Code, Sections 802(32), 813, 841(a)(1), and 841(b)(1)(C); and

e.    A mixture and substance containing a detectible amount of ketamine, a Schedule III controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

<u>GOAL OF THE CONSPIRACY</u>

2.    It was the goal of the conspiracy for the co-conspirators, including defendants WILLIAM PANZERA, THOMAS PADOVANO, and BARTHOLOMEW

2

PADOVANO, to acquire and then sell at a profit, large quantities of controlled substances and controlled substance analogues intended for human consumption.

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

3.      It was part of the conspiracy that the co-conspirators, including defendants WILLIAM PANZERA, THOMAS PADOVANO, and BARTHOLOMEW PADOVANO:

a.      Met at BARTHOLOMEW PADOVANO's trailer (the "Trailer"), located in Newark, New Jersey, to possess, store, and distribute controlled substances and controlled substance analogues intended for human consumption, and to distribute illicit proceeds from such distribution;

b.      Met at the Trailer and various locations to conduct discussions and negotiations in furtherance of the conspiracy;

c.      Distributed controlled substances and controlled substance analogues directly to customers, and also to distributors who, in turn, distributed the controlled substances and controlled substance analogues to the distributors' customers;

d.      Traveled abroad, including to Panama, to acquire for distribution in the United States controlled substances, including ketamine;

e.      Used the Trailer to package for distribution controlled substances and controlled substance analogues intended for human consumption, including as a location at which to press the controlled substances and controlled substance analogues intended for human consumption into pills, including pills that

3

were designed to resemble, and were marketed as, a commercial opioid tablet but in fact contained various amounts of fentanyl analogues; and

f.      Adjusted the amount of fentanyl analogue they used in the pills they were producing, which resulted in one or more instances of overdose by consumers between 2016 and 2020.

In violation of Title 21, United States Code, Section 846.

SM/2019R00888

## COUNT TWO
(Conspiracy to Launder Monetary Instruments –
International Promotional Money Laundering)

1.    The allegations in paragraph 3 of Count One are realleged here.

2.    From at least as early as in or around March 2014 through in or around May 2019, in the District of New Jersey and elsewhere, the defendants,

**WILLIAM PANZERA,
THOMAS PADOVANO, and
BARTHOLOMEW PADOVANO,**

knowingly and intentionally conspired and agreed with each other and others to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, namely conspiracy to distribute and possess with intent to distribute controlled substances and controlled substance analogues intended for human consumption as alleged in Count One, contrary to Title 18, United States Code, Section 1956(a)(2)(A).

## GOAL OF THE CONSPIRACY

3.    It was the goal of the conspiracy for the co-conspirators, including defendants WILLIAM PANZERA, THOMAS PADOVANO, and BARTHOLOMEW PADOVANO, to send payments from the United States to places outside the United States to purchase large quantities of controlled substances and controlled substance analogues for distribution in the United States, and to purchase supplies

to facilitate the manufacture of controlled substances and controlled substance analogues.

MANNER AND MEANS OF THE CONSPIRACY

4.    It was part of the conspiracy that:

a.    In or around January 2016, defendant WILLIAM PANZERA set up a company ("Company-A") in Moonachie, New Jersey to pay for shipments of fentanyl analogues from China.

b.    On or about January 25, 2018, defendant WILLIAM PANZERA directed another individual ("Individual-1") to set up a company ("Company-B") in Lodi, New Jersey, ostensibly to receive floor cleaning products from China. Thereafter, co-conspirators, including defendants WILLIAM PANZERA and THOMAS PADOVANO, used Company-B to place orders for and receive large shipments of fentanyl analogues from China, delivered in large barrels through air freight.

c.    Co-conspirators, including defendants WILLIAM PANZERA, THOMAS PADOVANO, and BARTHOLOMEW PADOVANO, sent and caused to be sent monetary instruments and funds from the United States to places outside the United States to purchase controlled substances and controlled substance analogues, including but not limited to the following transactions:

| Date of Wire: | Sent By/At Direction Of: | Amount: | Destination: |
|---|---|---|---|
| 5/21/2015 | THOMAS PADOVANO | $2,813 | China |
| 6/11/2015 | THOMAS PADOVANO | $2,637 | China |

6

| Date of Wire: | Sent By/At Direction Of: | Amount: | Destination: |
|---|---|---|---|
| 6/27/2015 | THOMAS PADOVANO | $2,823 | China |
| 2/16/2016 | THOMAS PADOVANO | $2,500 | China |
| 2/16/2016 | THOMAS PADOVANO | $2,500 | China |
| 2/24/2016 | THOMAS PADOVANO | $2,200 | China |
| 2/24/2016 | WILLIAM PANZERA | $20,000 | China |
| 3/2/2016 | WILLIAM PANZERA | $15,000 | China |
| 3/10/2016 | WILLIAM PANZERA | $16,000 | China |

d.      On or about November 20, 2017, defendant BARTHOLOMEW PADOVANO caused a wire in the approximate amount of $2,249, plus $89.96 in transaction fees, to be transmitted to a company located in the United Kingdom (the "UK Company") to purchase a pill press.

e.      Between in or around July 2016 and in or around April 2019, defendant BARTHOLOMEW PADOVANO purchased kilogram quantities of excipient, a non-active ingredient that is mixed with the active ingredient when manufacturing pills in a pill press, from the UK Company, and caused payments, including the following, to be transmitted to the UK Company:

| Date of Payment: | Amount: | Color/Quantity Purchased: |
|---|---|---|
| 07/27/2016 | $72.99 | Blue/1 kg |
| 8/23/2016 | $50 | Blue/1 kg |
| 9/3/2016 | $116.99 | Blue/2 kg |
| 11/7/2016 | $139.98 | Blue/1 kg |

7

| Date of Payment: | Amount: | Color/Quantity Purchased: |
|---|---|---|
| 11/7/2016 | $139.98 | White/1 kg |
| 1/17/2017 | $179.98 | Blue/1 kg |
| 1/17/2017 | $179.98 | White/2 kg |
| 5/26/2017 | $179.98 | Blue/1 kg |
| 5/26/2017 | $179.98 | White/2 kg |
| 6/3/2017 | $109.99 | White/2 kg |
| 7/12/2017 | $179.98 | Blue/1 kg |
| 7/12/2017 | $179.98 | White/2 kg |
| 8/4/2017 | $109.99 | White/2 kg |
| 8/28/2017 | $239.99 | White/5 kg |
| 10/2/2017 | $239.99 | White/5 kg |
| 12/15/2017 | $239.99 | White/5 kg |
| 2/4/2018 | $419.99 | White/10 kg |
| 4/20/2018 | $419.99 | White/10 kg |
| 6/12/2018 | $419.99 | White/10 kg |
| 8/8/2018 | $419.99 | White/10 kg |
| 9/12/2018 | $419.99 | White/10 kg |
| 4/16/2019 | $139.98 | Yellow/ 1kg |
| 4/16/2019 | $139.98 | Red/1 kg |

     f.     From at least in or around 2016 through at least in or around 2020, co-conspirators, including defendants THOMAS PADOVANO and BARTHOLOMEW PADOVANO, used the products imported from abroad and paid

8

for by international wires to manufacture pills containing fentanyl analogues and marketed and distributed the same as commercial opioid tablets.

In violation of Title 18, United States Code, Section 1956(h).

SM/2019R00888

## COUNT THREE
(Conspiracy to Launder Monetary Instruments –
Domestic Concealment Money Laundering)

1.     The allegations in paragraph 3 of Count One and paragraph 4 of Count Two are realleged here.

2.     From at least as early as in or around January 2017 through in or around September 2019 in the District of New Jersey and elsewhere, the defendants,

**THOMAS PADOVANO and
BARTHOLOMEW PADOVANO,**

knowingly and intentionally conspired and agreed with each other and others, known and unknown, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute and possess with intent to distribute controlled substances and controlled substance analogues intended for human consumption as alleged in Count One, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

## GOAL OF THE CONSPIRACY

3.     It was the goal of the conspiracy for defendants THOMAS PADOVANO and BARTHOLOMEW PADOVANO and others to conceal the nature, location,

10

source, ownership, and control of illicit proceeds, including drug trafficking proceeds.

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

4.      It was part of the conspiracy that:

a.      From at least as early as in or around January 2017 through in or around September 2019, defendant THOMAS PADOVANO transferred and caused to be transferred narcotics proceeds, in the form of cash, to bank accounts belonging to other individuals, including defendant BARTHOLOMEW PADOVANO.

b.      From at least as early as in or around January 2017 through in or around September 2019, defendant BARTHOLOMEW PADOVANO made cash deposits of illicit narcotics proceeds into business bank accounts he controlled and to which he was the signatory (the "Padovano Business Accounts").

c.      From at least as early as in or around January 2017 through in or around September 2019, defendant BARTHOLOMEW PADOVANO made cash deposits of illicit narcotics proceeds into a business bank account to which another family member of defendant BARTHOLOMEW PADOVANO ("Individual-2") was the sole signatory (the "Individual-2 Business Account").

d.      From at least as early as in or around January 2017 through in or around September 2019, defendant BARTHOLOMEW PADOVANO made cash deposits of illicit narcotics proceeds into a personal bank account that defendant

11

BARTHOLOMEW PADOVANO held jointly with Individual-2 (the "Padovano Joint Account").

e.     From in or around April 2018 through in or around July 2018, defendant BARTHOLOMEW PADOVANO made cash deposits of illicit narcotics proceeds into a personal account belonging to one of his associates ("Individual-3") (the "Individual-3 Account").

f.     Once such illicit narcotics proceeds were deposited into the Padovano Business Accounts, the Individual-2 Business Account, the Padovano Joint Account, and the Individual-3 Account (collectively, the "Bank Accounts"), defendant BARTHOLOMEW PADOVANO commingled and transferred the funds between the Bank Accounts to conceal and disguise their nature, location, source, ownership, and control.

g.     Once such illicit narcotics proceeds were deposited into the Bank Accounts, defendant BARTHOLOMEW PADOVANO retained a portion of the funds for himself to enrich himself and pay for expenses and transferred a portion of the funds to his son, defendant THOMAS PADOVANO.

h.     At times, defendants BARTHOLOMEW PADOVANO and THOMAS PADOVANO forged and caused to be forged Individual-2's signature on bank checks to withdraw illicit narcotics proceeds from the Individal-2 Business Account, without Individual-2's knowledge or consent.

All in violation of Title 18, United States Code, Section 1956(h).

12

SM/2019R00888

## FORFEITURE ALLEGATION AS TO COUNT ONE

1.      As a result of committing the controlled substance offense in violation of Title 21, United States Code, Section 846, as charged in Count One of this Third Superseding Indictment, the defendants,

**WILLIAM PANZERA,**
**THOMAS PADOVANO, and**
**BARTHOLOMEW PADOVANO,**

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count One of this Third Superseding Indictment.

## FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

2.      As a result of committing the money laundering offenses charged in Counts Two and Three of this Third Superseding Indictment, the defendants charged in each respective count shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such money laundering offenses, and all property traceable to such property.

Substitute Assets Provision
(Applicable to All Forfeiture Allegations)

3.      If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

13

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

A TRUE BILL

_____
FOREPERSON

_____
PHILIP R. SELLINGER
United States Attorney

14

CASE NUMBER: <u>19-390 (SDW)</u>

## United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

**WILLIAM PANZERA,
THOMAS PADOVANO, and
BARTHOLOMEW PADOVANO**

# THIRD SUPERSEDING INDICTMENT FOR

21 U.S.C. § 846
18 U.S.C. § 1956(h)

A True Bill,



Foreperson

**PHILIP R. SELLINGER**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

SAMMI MALEK
*ASSISTANT U.S. ATTORNEY*
*973-645-2919*

STEPHEN A. SOLA
*TRIAL ATTORNEY, U.S. DEPARTMENT OF JUSTICE*
*202-353-4425*