**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 19, 2026

Sammi Malek, Esq.
U.S. Attorney's Office
District of New Jersey
970 Broad Street
Newark, NJ 07102
*Counsel for the United States of America*

Alexander Hasapidis-Sferra, Esq.
U.S. Department of Justice, Antitrust Division
New York Office
201 Varick Street
New York, NY 10014
*Counsel for the United States of America*

Stephen Sola, Esq.
U.S. Department of Justice, Criminal Division
Money Laundering & Asset Recovery Section
1400 New York Avenue, NW
Suite 9424
Washington, D.C. 20530
*Counsel for the United States of America*

Justin Bonus, Esq.
Justin C. Bonus Attorney at Law
118-35 Queens Blvd
Suite 400
Forest Hills, NY 11375
*Counsel for Defendant*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re: *United States v. William Panzera*, Crim. No. 19-390-01 (SDW)**

Parties:

Before this Court is Defendant William Panzera's ("Defendant") Motion for Bail Pending Appeal pursuant to 18 U.S.C. § 3143(b). (D.E. 248 ("Mot.").) This Court finds that, having considered the parties' submissions, and for the reasons set forth herein, Defendant's Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court assumes the parties' familiarity with the underlying facts and procedural history of this case. A more detailed summary of the factual and procedural background can be found in this Court's previous opinion. (D.E. 222 (denying Defendant's motion for acquittal or a new trial).

On April 11, 2024, Defendant was indicted on two charges: one count of conspiracy to distribute and possess with intent to distribute controlled substances and controlled substance analogues and one count of conspiracy to launder monetary instruments (international promotional money laundering). (D.E. 127.) Defendant's jury trial began on January 7, 2025. (D.E. 181.) Among the government's witnesses were two of Defendant's alleged co-conspirators, Michael Action and Nicholas Araya. Both had already pled guilty in connection with the conspiracies that Defendant was charged. (Tr. 493:7–17, 1381:20–1382:14.[1]) On January 23, 2025, witness testimony concluded. (D.E. 192.) That morning, the government had provided the defense with a willful blindness charge that it had neglected to previously include in the jury instructions, despite the charge conference that occurred on January 17, 2025. (D.E. 187; Tr. 2002:1–11, 2023:16–25.) This Court found the charge appropriate and included it in the instructions read to the jury. (Tr. 2030:9–2031:15.) The jury deliberated for about four and a half hours over two days and returned a guilty verdict on both counts on January 27, 2025. (D.E. 193; D.E. 194.)

On February 10, 2025, Defendant filed a motion for acquittal under Federal Rule of Criminal Procedure ("Rule") 29 or a new trial under Rule 33. (D.E. 217.) Defendant sought acquittal on the grounds that the evidence was insufficient to prove that he entered into agreements with knowledge of their illegal objectives. (*Id.*) Alternatively, he moved for a new trial on the grounds that the jury was wrongfully instructed on willful blindness. (*Id.*) This Court denied Defendant's motion. (D.E. 222.)

On January 21, 2026, Defendant was sentenced to 144 months of imprisonment on each of Counts One and Two, to run concurrently. (D.E. 243.) Defendant appealed his sentence on January 27, 2026, which is currently pending. (D.E. 245.) On February 13, 2026, Defendant filed the instant motion. (D.E. 248.) The Government opposed Defendant's Motion. (D.E. 284.)

## II. DISCUSSION

A defendant sentenced to a term of imprisonment must be detained while his appeal is pending, unless this Court finds (1) "by clear and convincing evidence that the person is not likely

[1] "Tr." refers to the trial transcript in docket entries 205–16.

to flee or pose a danger to the safety of any other person or the community if released" and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a reduction in sentence, or a new trial.[2] 18 U.S.C. § 3143(b); *see United States v. Miller*, 753 F.2d 19, 21–24 (3d Cir. 1985). The defendant bears the burden of proving each of these criteria. *Miller*, 753 F.2d at 24. To demonstrate that he has raised a "substantial question" on appeal, a defendant must demonstrate not only that it is substantial or "significant," but also that it is "novel, not governed by controlling precedent[,] or fairly doubtful." *United States v. Smith*, 793 F.2d 85, 88 (3d Cir. 1986). To be significant, the question must be "fairly debatable." *Id.* at 89. In other words, a defendant "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted). On the other hand, "an issue that is patently without merit cannot qualify at significant." *Id.*

Defendant argues that a substantial question of law supporting his motion for bail pending appeal exists because Defendant's appeal challenges the sufficiency of the evidence presented at trial. Specifically, Defendant contends that the Government failed to prove the elements of conspiracy beyond a reasonable doubt, i.e., Defendant's knowledge of the specific illegal objective at the core of the conspiracy. This Court addressed this argument on Defendant's Rules 29 motion and held that the circumstantial evidence sufficiently supported Defendant's conviction. (D.E. 222). For the same reasons, this Court concludes that Defendant's argument does not present a substantial argument that is likely to result in reversal, order of a new trial, or a reduced sentence. Indeed, the evidence, as outlined in the Court's previous Opinion, was sufficient to establish Defendant's knowledge that he was involved in drug trafficking and money laundering, upon which a rational juror could find Defendant guilty of conspiracy beyond a reasonable doubt. Therefore, the issue of whether the Government presented enough evidence to meet the elements of conspiracy does not raise a substantial question of law to support Defendant's application for bail pending appeal.

Next, Defendant argues that this Court's willful blindness instruction was inappropriate and the Government's delay in presenting the willful blindness charge to the defense prejudiced Defendant. Again, this Court addressed this argument on Defendant's Rule 33 motion for a new trial and held that the instruction was appropriate given the facts of the case and the Government's delay was not so untimely to justify its exclusion. (D.E. 222.) For the same reasons articulated in this Court's previous Opinion, this Court finds that there is no fairly debatable question as to whether the willful blindness instruction was appropriate. Based on the evidence presented, the jury had a rational basis to conclude that if unaware of his alleged co-conspirators' actions, Defendant was willfully blind to their illegal activities.

Additionally, Defendant's argument that he was prejudiced by the timing of Government's proposal for the inclusion of the instruction is also not a sufficient basis supporting bail pending appeal. Defendant had adequate time to discuss with counsel whether the Government's proposed willful blindness instruction would impact his decision to testify on his own behalf. For the same

---

[2] The first element of the bail pending appeal inquiry is not at issue in this case.

reason, this Court is not persuaded by Defendant's claim of ineffective assistance of counsel. To succeed on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must establish both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court may address the prejudice prong first. *Id.* at 670. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Here, Defendant has not established prejudice because he had sufficient time to determine whether he would testify after learning about the proposed willful blindness instruction. Furthermore, Defendant has not demonstrated that, but for his counsel's conduct, he would have pled guilty as he continuously maintained that he had no knowledge that he was involved in drug trafficking and money laundering. *See* Shotts v. Wetzel, 724 F.3d 364, 376 (3d Cir. 2013) (citing *Lafler v. Cooper*, 566 U.S. 156, 174 (2012) ("If a defendant rejects a plea, he must show that 'but for counsel's deficient performance there is a reasonable probability he and the trial court would have accepted the guilty plea' and the resulting sentence would have been lower.). Accordingly, Defendant's claim of ineffective assistance of counsel is without merit.

Lastly, to the extent that Defendant relies on 18 U.S.C. § 3145(c) in arguing that detention is inappropriate due to his intellectual capacity, this Court finds that Defendant fails to set forth any "exceptional reasons" warranting his release on bail.[3] "[E]xceptional reasons review is limited to determining whether remanding the defendant to custody ... would be tantamount to subjecting individuals to unjust detention." *United States v. Epstein*, No. 14-287, 2016 WL 1435717, at *2 (D.N.J. Apr. 12, 2016) (internal citation omitted). "The burden is on the defendant to show by clear and convincing evidence why his detention would not be appropriate based on exceptional reasons." *United States v. Wilson*, No. 17-0077, 2017 WL 1351399, at *3 (D.N.J. Apr. 7, 2017). "[E]xceptional requires something out of the ordinary, uncommon or rare." *Id.* Here, Defendant does not suitably explain how his intellectual capacity is an exceptional reason justifying release. In fact, Defendant fails to cite or mention § 3145(c) and its requirements, and this Court already considered Defendant's intellectual capacity argument at sentencing. Therefore, Defendant's request for bail pending appeal is denied.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties

[3] Although the Third Circuit has not yet analyzed what constitutes "exceptional reasons," courts within this District have provided guidance. *See United States v. Wilson*, No. 17-0077, 2017 WL 1351399, at *3 (D.N.J. Apr. 7, 2017); *see also United States v. Epstein*, No. 14-287, 2016 WL 1435717, at *2 (D.N.J. Apr. 12, 2016).